### WILLIAM A. COX v. A. H. HAMILTON.

Where the plaintiff in a suit for land at the Spring Term of the Superior Court of a county recovers judgment and the defendant appeals, but gives an undertaking for the costs only, and at the next ensuing term of the Supreme Court in June, the judgment is affirmed, and then the plaintiff takes out a writ of possession from the Superior Court which is executed, he will be entitled to the crops growing on land for that year.

This was a CIVIL ACTION, tried at the last term of the Superior Court for JONES county, before his Honor, *Clarke, J.*, where the plaintiff had judgment, from which the defendant

appealed. The case is sufficiently stated in the opinion of the Court.

*Green,* for the defendant.
*Haughton* and *Battle & Son,* for the defendant.

READE, J. Isler, the principal of the defendant, had recovered of the plaintiff, Cox, a tract of land, and at Spring Term, 1872, of the Court below, Isler had judgment and a writ of possession. The present plaintiff, who was defendant in that suit, appealed to the Supreme Court, the effect of which would have been to suspend the writ of possession, if the appellant had given the necessary undertaking. But not doing that, the execution or writ of possession was not suspended. C. C. P., sec. 307. At June Term, 1872, of this Court the judgment was affirmed, and after that Isler had his writ of possession executed, and he went into the possession of the land and the crop, by his agent, the present defendant. Under this state of facts we are of the opinion that Isler was entitled to the crop growing on the land in 1872, when he went into possession, and that the plaintiff is not entitled to recover the same.

There will be judgment here, as agreed, against the plaintiff on his undertaking for $250 in favor of the defendant.

PER CURIAM. Judgment accordingly.